14-4480-cr
United States v. Rogers

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of February, two thousand sixteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                          *Appellee*,

             v.                                        14-4480-cr

FRANK ROGERS,

                          *Defendant-Appellant*.

_____

Appearing for Appellant:     Marshall Aron Mintz, Mintz & Oppenheim LLP, New York, NY.

Appearing for Appellee:      Carla B. Freedman and Steven D. Clymer, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Frank Rogers appeals from the December 1, 2014 judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*). The district court sentenced Rogers principally to 220 months' imprisonment. On appeal, Rogers argues that the district court erred in sentencing him as a career offender. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We conclude, on the basis of the record in this case, that Rogers has waived his present contention that the district court's sentencing him as a career offender was error. Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "Deviation from a legal rule is 'error' *unless the rule has been waived*." *Id.* at 732-33 (emphasis added). If "a particular right is waivable," and if the defendant "knowingly and voluntarily" makes the choice to forgo that right, the right is "extinguish[ed]," and the court's decision made in accordance with that choice "*is not error*." *Id.* at 733 (internal quotation marks omitted) (emphasis added). Where a defendant "has *waived*—that is, intentionally relinquished or abandoned, *id.* at 733, [his] right to" dispute the ruling challenged on appeal, "*there [was] no error at all and plain-error analysis would add nothing*." *Puckett v. United States*, 556 U.S. 129, 138 (2009) (first emphasis in original; second emphasis added).

In the present case, Rogers not only did not object to his classification as a career offender, he expressly conceded that classification. At sentencing, his attorney, while urging the district court to impose a lenient sentence on the ground that Rogers was not yet 18 years old at the time of his two prior qualifying convictions, said "[t]echnically the Presentence Report is correct, he is a career offender." App'x at 81. Accordingly, Rogers waived his right to dispute his classification as a career offender. We have considered Rogers's other arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2